IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02235-REB-CBS

CLEVELAND JOHNSON, JR.,
     Plaintiff,

v.

HARLEY G. LAPPIN, Director – Federal Bureau of Prisons (F.B.O.P.),
RENE GARCIA, Warden – Federal Correctional Institution (FCI) – F.B.O.P.,
C. BELL, Safety Manager – FCI – Englewood – F.B.O.P.,
MICHAEL NALL[E]Y, Regional Director – F.B.O.P.,
HARRELL WATTS, Administrator – National Inmates Appea[l]s – F.B.O.P.,
LT. WHITE, Corrections Officer – Lt. – FCI – Englewood – F.B.O.P.,
LT. CLINE, Corrections Officer – Lt. – FCI – Englewood – F.B.O.P.,
LT. KIDWILER, Corrections Officer – Lt. – FCI – Englewood – F.B.O.P.,
OFFICER HENDRICKS, Unicor – Staff Member – FCI – Englewood – F.B.O.P.,
OFFICER LOCKE, Unicor – Staff Member – FCI – Englewood – F.B.O.P.,
OFFICER VIGIL, Unicor – Staff Member – FCI – Englewood – F.B.O.P.,
OFFICER CURRAN, Corrections Officer – FCI – Englewood – F.B.O.P.,
OFFICER ILLARAZA, Corrections Officer – FCI – Englewood – F.B.O.P.,
OFFICER W. LACY, Corrections Officer – FCI – Englewood – F.B.O.P.,
OFFICER RUTSAY, (REC) Officer – FCI – Englewood – F.B.O.P.,
OFFICER WALKER, (REC) Officer – FCI – Englewood – F.B.O.P.,
OFFICER N. WILLIAMS, Supervisor (Paint Shop) – FCI – Englewood – F.B.O.P.,
OFFICER PROFITT, Corrections Officer – FCI – Englewood – F.B.O.P.,
OFFICER McMURTREY, Corrections Officer – FCI – Englewood – F.B.O.P.,
OFFICER JANSSEN, Corrections Officer – FCI – Englewood – F.B.O.P.,
OFFICER J. COOPER, Corrections Officer – FCI – Englewood – F.B.O.P., and
OFFICER KOUGH, Corrections Officer – FCI – Englewood – F.B.O.P.,
     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

     This civil action is before the court on "Defendants' Motion to Dismiss" pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (filed February 3, 2011) (Doc. # 45).  Pursuant to the Order of Reference dated October 26, 2010 (Doc. # 8) and the memorandum dated February 3, 2011 (Doc. # 46), this matter was referred to the Magistrate Judge.

The court has reviewed the Motion, Mr. Johnson's "Motion in Response to Defendant[s']
Motion to Dismiss" ("Response") (filed February 16, 2011) (Doc. # 48), "Defendants'
Reply in Support of their Motion to Dismiss" ("Reply") (filed February 17, 2011) (Doc. #
50), the pleadings, the entire case file, and the applicable law and is sufficiently advised
in the premises.

I.      Statement of the Case

        At the time of the events alleged in this lawsuit, Plaintiff Mr. Johnson was
incarcerated at the Federal Correctional Institution, Englewood, Colorado ("FCI –
Englewood").  Mr. Johnson is currently incarcerated at the Lompoc Correctional
Complex in Lompoc, California.  (*See* Amended Courtroom Minutes/Minute Order (Doc.
# 55)).  Mr. Johnson brings this civil action in his *pro se* capacity.  Mr. Johnson alleges a
single claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics*, 403 U.S. 388 (1971), that he was "subjected to continuous 'hazardous'
second hand smoke" in "violation of [t]he F.B.O.P. policies and [t]he FCI-Englewood's
Institution Supplement."  (*See* "Prisoner['s] Complaint" ("Complaint") (Doc. # 3) at pp.
12, 13 of 38).  Mr. Johnson clarified that he is suing Defendants Lappin, Nalley, and
Watts only in their official capacities and all other Defendants in both their official and
individual capacities.   (*See* Response (Doc. # 48) at pp. 2-3 of 11).  Mr. Johnson seeks
"an official and judicial investigation" and monetary relief.  (*See* Complaint (Doc. # 3) at
pp. 22-26 of 38).

II.     Defendants' Motion to Dismiss

A.      Standard of Review

Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2)

and 12(b)(6).  Defendants argue that: (1) the court lacks personal jurisdiction over

Defendants Lappin, Nalley, and Watts, (2) the Complaint fails to state a claim under the

Eighth Amendment, and (3) Defendants are entitled to qualified immunity.

> When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I
> must determine whether the allegations of the complaint are sufficient to
> state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all
> well-pleaded allegations of the complaint as true. However, conclusory
> allegations or legal conclusions masquerading as factual conclusions will
> not suffice to prevent a motion to dismiss.  I review the complaint to
> determine whether it contains enough facts to state a claim to relief that is
> plausible on its face.  Thus, the mere metaphysical possibility that some
> plaintiff could prove some set of facts in support of the pleaded claims is
> insufficient; the complaint must give the court reason to believe that this
> plaintiff has a reasonable likelihood of mustering factual support for these
> claims.

*Parker v. Stryker Corp.*, 584 F. Supp. 2d 1298, 1299 (D. Colo. 2008) (internal quotation

marks, citations, and footnote omitted).

> Twombly rejected and supplanted the "no set of facts" language of Conley
> v. Gibson. The Tenth Circuit recently clarified the meaning of the
> "plausibility" standard:
>
>> "plausibility" in this context must refer to the scope of the
>> allegations in a complaint: if they are so general that they
>> encompass a wide swath of conduct, much of it innocent,
>> then the plaintiffs "have not nudged their claims across the
>> line from conceivable to plausible." The allegations must be
>> enough that, if assumed to be true, the plaintiff plausibly (not
>> just speculatively) has a claim for relief.

*Parker*, 584 F. Supp. 2d at 1299 n. 1 (internal quotation marks and citations omitted).

When defendants raise qualified immunity in a Rule 12(b)(6) motion to dismiss,

3

"the plaintiff must carry the burden of establishing that the defendant[s] violated clearly established law." *Lybrook v. Members of the Farmington Municipal Schools Bd. of Educ.*, 232 F.3d 1334, 1337 (10th Cir. 2000).  To meet this burden, the plaintiff must "identify a clearly established statutory or constitutional right of which a reasonable person would have known, and then allege facts to show that the defendant[s'] conduct violated that right."  *Id.* (internal quotation marks and citation omitted).

Because Mr. Johnson appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

B.      Whether Complaint States a Plausible Claim for Relief under *Bivens*

Mr. Johnson alleges that Defendant Garcia designated certain outdoor smoking areas for BOP staff at FCI – Englewood by enacting Institution Supplement 1640.04 ("I.S. 1640.04").  (*See* Doc. # 3 at p. 12 of 38).  Under I.S. 1640.04, a portion of which is attached to the Complaint, "[a]ll participants must remain at least 25 feet from any building entrance/exit."  (*See id.* at p. 28).  Inmates at FCI – Englewood are not allowed to smoke.  (*See* Doc. # 3 at p. 28 of 38).  Mr. Johnson alleges that he has been forced to inhale environmental tobacco smoke ("ETS") "nearly every time he exits or enters his housing unit" because officers "use the steps-porch of the housing units as their 'smoking area.'"  (*See* Doc. # 3 at p. 12 of 38).  Mr. Johnson alleges that he has

4

observed Defendants violate I.S. 1640.04 "on a daily basis." (*See id.* at p. 16 of 38).

He alleges that between June 25, 2009 and December 17, 2009, at specific times and

locations in FCI – Englewood, several of the Defendants smoked in violation of I.S.

1640.04. (*See id.* at pp. 4-12, 19-21 of 38).  Mr. Johnson alleges that he has asthma

and that his exposure to ETS through Defendants' alleged outdoor smoking in violation

of I.S. 1640.04 has aggravated his condition.  (*See id.* at pp. 22 of 38).[1]

        The United States Supreme Court has stated that allegations of exposure with

deliberate indifference to levels of environmental tobacco smoke that pose an

unreasonable risk of damage to future health may state a cause of action under the

Eighth Amendment.  *See Helling v. McKinney*, 509 U.S. 25, 35 (1993).  *See also Davis

v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) ("In *Helling*, the Supreme Court,

identifying both the objective and subjective components of the Eighth Amendment

violation, determined that a plaintiff states a cause of action under the Eighth

Amendment by alleging that [prison officials] have, with deliberate indifference, exposed

---

        [1]    Mr. Johnson does not allege that Defendants Lappin, Garcia, Bell, Nalley, or
Watts violated the policy.  (*See* Doc. # 3 at pp. 2-3 of 38).  Mr. Johnson alleges
negligence by Defendants White, Cline, and Kidwiler.   (*See* Doc. # 3 at pp. 3-4 of 38).
Negligence cannot be the basis for a constitutional violation.  *See Oxendine v. Kaplan*,
241 F.3d 1272, 1275 n. 4 (10th Cir. 2001) ("negligence claims against government
agents are not cognizable under *Bivens*, . . . .") (citations omitted).
        Further, to the extent that Mr. Johnson alleges "violation of [t]he F.B.O.P. policies
and [t]he FCI-Englewood's Institution Supplement" (*see* Complaint (Doc. # 3) at pp. 12,
13 of 38), the Constitution does not require strict adherence to Bureau policy.  *See
Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (a prison official's "failure
to adhere to administrative regulations does not equate to a constitutional violation");
*Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002) ("To the extent [plaintiff]
seeks relief for alleged violations of state statutes and prison regulations, however, he
has stated no cognizable claim" for deprivation of a right secured by the Constitution or
laws of the United States.) (citations omitted).

him to levels of ETS that pose an unreasonable risk of serious damage to his future health.") (internal quotation marks and citation omitted).

Mr. Johnson's claim is considered under a two-prong analysis.  With respect to the objective prong, a plaintiff must allege "he himself is being" exposed "to levels of ETS that pose an unreasonable risk of serious damages to his future health" that "is not one that today's society chooses to tolerate."  *Helling*, 509 U.S. at 35-36 (emphasis in original).  The subjective factor "is the deliberate indifference standard" of *Estelle v. Gamble*, 429 U.S. 97 (1976).  *Helling*, 509 U.S. at 30.  Deliberate indifference requires a higher degree of fault than negligence or even gross negligence.  *Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1495-96 (10th Cir. 1990) (citation omitted).  "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  An official acts with deliberate indifference if his or her conduct "disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights."  *Berry*, 900 F.2d at 1496.  "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.  *See also Barrie v. Grand County, Utah*, 119 F.3d 862, 869 (10th Cir. 1997) (quoting *Estelle*, 429 U.S. at 104 and *Berry*, 900 F.2d at 1495-96).  "To be guilty of deliberate indifference, the defendant must know he is creating a substantial risk of bodily harm."  *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (internal quotation marks and citation omitted).

6

Mr. Johnson's "allegations are bereft of any basis to support the contention that the conditions of his confinement produced a violation of his constitutional rights." *Turner v. Leggett*, 2010 WL 5018166 * 1 (W.D. Pa. Dec. 2, 2010).[2]  Mr. Johnson's "claim that his exposure to the second-hand smoke caused by prison officials smoking cigarettes outside in the exercise yard violated his Eighth Amendment rights does not find support in the post-*Helling* jurisprudence."  *Id.*  "In *Helling v. McKinney*, the Supreme Court held that bunking with a cellmate who smoked five packs of cigarettes per day exposed an inmate to an unreasonable risk of future harm from environmental tobacco smoke ("ETS") exposure."  *Id.* (citation omitted).  "In the wake of *Helling*, courts have required the alleged exposure to rise to a level beyond mere annoyance or discomfort."  *Id.* (citing *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (holding that sitting near some smokers sometimes is not an unreasonable exposure to ETS); *Pryor-El v. Kelly*, 892 F. Supp. 261, 267 (D.D.C. 1995) (dismissing an ETS claim in which the plaintiff alleged "only that various unnamed inmates and prison officials smoke 'in the TV room, games room, and the letter writing room' ").

Mr. Johnson "does not allege that he constantly was exposed to ETS while inside his cell or in a similar enclosed area."  *Turner*, 2010 WL 5018166 at * 2.  Mr. Johnson's alleged exposure to ETS occurred outdoors when he was "exit[ing] or enter[ing] his housing unit."  (*See* Doc. # 3 at p. 12 of 38).  Mr. Johnson's alleged log of the dates and times he was exposed sets forth only brief occasions of exposure.  (*See* Doc. # 3 at pp. 19-21 of 38).  The total exposure alleged in Mr. Johnson's log amounts to only a few

---

[2]    Copies of unpublished decisions cited are attached to this Recommendation.

brief occasions of exposure per week over a period of six months. (*See id.*). Mr.

Johnson does not specifically allege the amount of his exposure to ETS. *See Durham*

*v. Hood*, 2011 WL 465519 * 2 (10th Cir. (Colo. Feb. 10, 2011) (plaintiff's "anecdotal

accounts of his exposure and the symptoms he claimed to have suffered as a result

likewise failed to objectively establish his exposure level"). Even accepting all of Mr.

Johnson's allegations as true, the level of exposure to ETS that he alleges "simply

cannot rise to a level of exposure which could be found to be unreasonably high."

*Turner*, 2010 WL 5018166 at * 2 (citing *Mills v. Clark*, 229 F.3d 1143, 2000 WL 1250781

*5 (4th Cir. 2000) (exposure to ETS once a week for only one hour does not, on its face,

rise to the level of unreasonably high exposure required by *Helling*)). "While plaintiff is

entitled to be free from exposure to unreasonably high levels of ETS, he does not enjoy

a constitutional right to be free from any ETS exposure whatsoever." *Turner*, 2010 WL

5018166 at * 2 (citing *Mills*, 229 F.3d 1143, 2000 WL 1250781 at *5 ( "Helling does not

guarantee plaintiff a smoke free environment . . . .") and *Carroll v. DeTella*, 255 F.3d

470, 472 (7th Cir. 2001) ("The Eighth Amendment does not require prisons to provide

prisoners with more salubrious air . . . than [is] enjoyed by substantial numbers of free

Americans.")). Mr. Johnson's allegations "do not supply a factual predicate to support a

plausible claim that the conditions of his confinement have violated his constitutional

rights." *Turner*, 2010 WL 5018166 at * 2. Nor do Mr. Johnson's allegations adequately

state that Defendants with deliberate indifference exposed him to levels of ETS that

pose an unreasonable risk of serious damage to his future health.

Consequently, Defendants are entitled to the dismissal of the Complaint.

C.      Sovereign Immunity from *Bivens* Claims

Mr. Johnson sues Defendants Lappin, Nalley, and Watts only in their official

capacities and all other Defendants in both their official and individual capacities.   (*See*

Response (Doc. # 48) at pp. 2-3 of 11).

To the extent that Mr. Johnson sues Defendants in their official capacities for

money damages, he cannot obtain relief under *Bivens* because there is no waiver of

sovereign immunity for such claims.   *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994)

(direct action for damages against federal agencies not recognized under *Bivens*).

"*Bivens* claims allow plaintiffs to recover from individual federal agents for constitutional

violations these agents commit against plaintiffs."   *Robbins v. Wilkie*, 300 F.3d 1208,

1211 (10th Cir. 2002).   *See also Correctional Services Corporation v. Malesko*, 534 U.S.

61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation,

he may bring a *Bivens* claim against the offending individual officer, subject to the

defense of qualified immunity. . . The prisoner may not bring a *Bivens* claim against the

officer's employer, the United States, or the BOP.");   *Simmat v. U.S. Bureau of Prisons*

413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal official in

his individual capacity – not . . . against officials in their official capacity");   *Hatten v.*

*White*, 275 F.3d 1208, 1210 (10th Cir. 2002) ("A Bivens action may not be brought

against federal agencies or agents acting in their official capacities.").   To the extent that

Mr. Johnson asserts a *Bivens* claim for money damages against Defendants in their

official capacities, such claims are barred by sovereign immunity and are thus properly

dismissed with prejudice for lack of subject matter jurisdiction.[3]

D.      Request for Injunctive Relief

        In addition to money damages, Mr. Johnson seeks what may constitute

prospective injunctive relief in the form of "an official and judicial investigation" and "an

investigation" regarding his claim.  (*See* Doc. # 3 at pp. 22-26 of 38).  Sovereign

immunity is not a bar to claims for injunctive relief.  *See Simmat*, 413 F.3d at 1233

(Congress has waived sovereign immunity in most suits for nonmonetary relief in the

Administrative Procedures Act ("APA"), 5 U.S.C. § 702).  However, Mr. Johnson does

not assert jurisdiction pursuant to 5 U.S.C. § 702.  Further, Mr. Johnson cannot obtain

injunctive relief in a *Bivens* action seeking damages for past constitutional violations.

*See Barney v. Pulsipher*, 143 F.3d 1299, 1306 (10th Cir. 1998) (while a plaintiff who has

been constitutionally injured can bring an action to recover damages, that same "plaintiff

cannot maintain a declaratory or injunctive action unless he or she can demonstrate a

good chance of being likewise injured in the future") (quoting *Facio v. Jones*, 929 F.2d

541, 544 (10th Cir.1991)).  At the time Mr. Johnson filed this lawsuit, he was

incarcerated at FCI – Englewood.  He is currently incarcerated at the Lompoc

Correctional Complex in Lompoc, California.  Mr. Johnson's request for injunctive relief

falls squarely within the mootness doctrine, as any injunctive relief directed to

---

        [3]    For this reason, Mr. Johnson's request in his Response to "amend by adding as
to the Defendants, the United States of America" (*see* Doc. # 48 at p. 2 of 11) is not
legally cognizable.  Further, Mr. Johnson may not amend his pleadings through
arguments in a brief.  *See Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir.
1996) ("A plaintiff may not amend his complaint through arguments in his brief in
opposition to a motion for summary judgment.").

Defendants would have no practical impact now that Mr. Johnson is no longer incarcerated at FCI – Englewood. *See, e.g., Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (dismissing as moot a prisoner's First Amendment claim for declaratory relief after prisoner was transferred to a different prison); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (prisoner's transfer to another prison mooted his claims for injunctive and declaratory relief); *White v. State of Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (deeming claims for prospective injunctive relief moot in light of inmate's release on parole); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."); *Woulard v. Food Service*, 294 F. Supp. 2d 596, 602 (D. Del. 2003) (inmate's transfer from state prison to federal prison mooted his claim for injunctive relief against state prison officials pursuant to § 1983); *Perez v. Secretary of Health, Education, and Welfare*, 354 F. Supp. 1342, 1346 (D.P.R. 1972) (a request for injunctive relief is generally moot where "the question presented for decision seeks a judgment upon a matter which, even if the sought judgment were granted, could not have any practical effect upon the parties").

Nor is this the type of claim to which an exception to the mootness doctrine applies, as there is no reasonable expectation that Mr. Johnson will be subjected to this conduct again. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (recognizing exception to the mootness doctrine where there is a "reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party") (internal quotation marks and citation omitted). *See also City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) ("[T]he capable-of-repetition doctrine applies only in

exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality.").  Mr. Johnson's request in the Complaint for injunctive relief is properly dismissed.

E.      Lack of Personal Jurisdiction Over Defendants Lappin, Nalley, and Watts

Defendants Lappin, Nalley, and Watts move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

"Jurisdiction to resolve cases on the merits requires . . . authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (internal quotation marks and citation omitted).  "In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."  *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks and citation omitted).

When a court's power to exercise personal jurisdiction over a nonresident defendant is challenged by a motion under Fed. R. Civ. P. 12(b)(2), and the question of jurisdiction is resolved based only on the pleadings, the allegations in the complaint, the motion papers, and any supporting legal memoranda, without an evidentiary hearing, the burden is on the plaintiff to make a prima facie showing of a sufficient basis for jurisdiction.  *Mylan Labs., Inc. v. Akzon, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993).  "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."  *OMI*

*Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998).  It is

the plaintiff's burden to demonstrate the existence of every fact required to satisfy both

the forum's long-arm statute and the Due Process Clause of the Constitution.  *United*

*Elec. Radio and Mach. Workers of America (UE) v. 163 Pleasant Street Corporation*,

987 F.2d 39, 43-44 (1st Cir. 1993) (internal quotation marks and citation omitted).

　　　　Where the federal statute at issue does not authorize nationwide service of

process, a court may assert personal jurisdiction to "the extent allowed by the state in

which the district court sits."  Fed. R. Civ. P. 4(k)(1)(A); *SCC Communications Corp. v.*

*Anderson*, 195 F. Supp. 2d 1257, 1260 (D. Colo. 2002).  Because *Bivens*, 403 U.S. at

388, does not confer nationwide service of process, Rule 4(k)(1)(A) governs this court's

authority to exercise personal jurisdiction over Defendants Lappin, Nalley, and Watts as

out-of-state Defendants.  Rule 4(k)(1)(A) provides that "[s]erving a summons . . .

establishes personal jurisdiction over a defendant . . . (A) who is subject to the

jurisdiction of a court of general jurisdiction in the state where the district court is

located."

> When authorized by Federal Rule of Civil Procedure 4(k)(1)(A),
> service of process sufficient to exercise jurisdiction over a
> defendant is limited by state law, so that any challenge to the
> personal jurisdiction requires [the court] to assess the jurisdiction
> of the courts in the state where the district court is located. . . .
>
> Since in personam jurisdiction of a state court is limited by that
> state's laws and by the Fourteenth Amendment, [the court must]
> inquire whether the state long-arm statute authorizes the exercise
> of jurisdiction over the defendant. If it does, [the court] must then
> determine whether the state court's exercise of such jurisdiction is
> consistent with the Due Process Clause of the Fourteenth
> Amendment. . . .

*ESAB Group, Inc. v. Centricut, Inc.* 126 F.3d 617, 622-23 (4th Cir. 1997) (citations

omitted).

"Colorado's long arm statute is coextensive with constitutional limitations imposed by the due process clause.  Therefore, if jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident defendant."  *Benton v. Cameco Corp.*, 375 F. 3d 1070, 1075 (10th Cir. 2004) (citation omitted).  *See also United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002) (question of whether court can exercise personal jurisdiction "collapses into a single due process analysis under the Constitution") (internal quotation marks and citation omitted).

The Tenth Circuit has "carefully and succinctly la[id] out the well-established constitutional analysis for personal jurisdiction."  *Benton*, 375 F. 3d at 1075.

> The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations.  Therefore, a court may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum state. . . .
>
> The minimum contacts standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a nonresident defendant if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.  Where a court's exercise of jurisdiction does not directly arise from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state.

*OMI Holdings*, 149 F.3d at 1090-91 (internal quotation marks and citations omitted).

Defendants Lappin, Nalley, and Watts argue that they do not have minimum contacts with the District of Colorado for purposes of specific jurisdiction.  "In determining whether a defendant has established minimum contacts with the forum

state, we examine whether the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Benton*, 375 F. 3d at 1075 (internal quotation marks and citation omitted).  "A defendant's contacts are sufficient if the defendant purposefully directed its activities at residents of the forum, and . . . the plaintiff's claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum state." *Benton*, 375 F. 3d at 1075 (internal quotation marks and citation omitted).  The court "must consider whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559 (1986).  "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities *within the forum State*, thus invoking the benefits and protections of its laws." *Trujillo*, 465 F.3d at 1219 (internal quotation marks and citation omitted) (emphasis in original).

Mr. Johnson alleges that Defendants Lappin, Nalley, and Watts reside in Kansas City, Kansas, and Washington, D.C.  (*See* Doc. # 3 at pp. 2-3 of 38).  Mr. Johnson does not allege that Defendants Lappin, Nalley, or Watts conducted any activities in Colorado or had any contact with him in Colorado.  Mr. Johnson alleges that Defendant Lappin "is directly responsible for policies, practices and rules, regulations and the implementation of new and or revised policies, practices and their correct implementation and applications," and that Defendant Nalley "is directly responsible for the processing of claims, BP's and notices of violations of all [i]nstitutions under his authority."  (*See* Doc. # 3 at pp. 2-3 of 38).  Defendant Nalley's "responsibility ensures that all breaches of

policy, practices and rules adversely implemented are correctly dealt with and proper

F.B.O.P. standards as well as [t]he United States Government policies are closely

followed." (*See id.* at p. 3 of 38).  Mr. Johnson alleges that Defendant Watts "is directly

responsible to investigate, or have investigated any possible violations of policy,

practice or rules as is brought to his immediate attention through sources such as,

'informal griev[a]nce' and or 'BP's,' as well as formal or informal complaints from any

variety of independent sources, notifications and or complaints." (*See id.*).  Mr. Johnson

argues that these Defendants "all, as part of their job description, are responsible for

many activities in and around area encompassing the District of Colorado . . . ." (*See*

Response (Doc. # 48) at p. 2 of 11;  *see also* p. 4 of 11 ("These Defendants, because of

their job description are required to perform their duties, not only in their offices located

in the District of Columbia and Kansas, but are designated to make knowing decisions

regarding inmates in other regions, as in this particular instance, the District of

Colorado.").

　　　Mr. Johnson does not allege any conduct by Defendants Lappin, Nalley, or Watts

in Colorado.  "Each defendant's contacts with the forum State must be assessed

individually." *Trujillo*, 465 F.3d at 1221 n.12 (internal quotation marks and citation

omitted).  Mr. Johnson's allegations and arguments relate to his interpretation of these

Defendants' general job descriptions and responsibilities.  All of the events constituting

the alleged unconstitutional conduct occurred at FCI – Englewood in Colorado.  (*See*

Doc. # 3).  "[I]t is the defendant's contacts with the forum state that are of interest in

determining whether personal jurisdiction exists, not its contacts with a resident of the

forum." *Trujillo*, 465 F.3d at 1220 (internal quotation marks and citation omitted).  Due

process is only satisfied if "the plaintiff's claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum state." *OMI Holdings, Inc.,* 149 F.3d at 1091.

Mr. Johnson's allegations are insufficient to subject Defendants Lappin, Nalley, or Watts to suit in Colorado. *See Durham*, 2011 WL 465519 at * 2 (Tenth Circuit concluded that District Court lacked personal jurisdiction over Defendants Lappin and Watts in a lawsuit alleging violation of the Eighth Amendment based on deliberate indifference to involuntary exposure to environmental tobacco smoke because they had insufficient minimum contacts with the state of Colorado). Allegations that a prison official authorized actions or denied administrative grievances knowing they would have effects in the forum state is insufficient to establish jurisdiction. *See Johnson v. Rardin*, 1992 WL 9019 at * 1 (10th Cir. Jan. 17, 1992) (dismissing BOP Director for lack of minimum contacts where his only involvement was reviewing inmate's appeals and occasionally advising prison staff members in forum state); *Georgacarakos v. Wiley*, 2008 WL 4216265, *5 (D. Colo. 2008) (holding that the court lacked personal jurisdiction over Lappin when the plaintiff's sole allegation was that "BOP Defendants were placed on notice of the allegedly unconstitutional conditions at ADX by his various grievances, and that their failure to remedy the situation constitutes acquiescence."); *Durham v. Lappin*, 2006 WL 2724091 at * 5 (D. Colo. Sept. 21, 2006) (dismissing claim against BOP Director, National Inmate Appeals Administrator and BOP Regional Director, holding that their contacts with the forum state "were completely fortuitous, resulting from the fact that the Plaintiff – to whom they were responding when answering grievances – was located in Colorado"). The Tenth Circuit has affirmed dismissal for

17

lack of personal jurisdiction over Defendant Lappin's predecessor based on allegations that, as BOP Director, he had "overall responsibility" for BOP's operations in Colorado and that the plaintiff had sent grievance letters to him. *See Hill v. Pugh*, 75 Fed. Appx. 715, 719 (10th Cir. 2003). "It is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state." *Id.*

Mr. Johnson has not shown that Defendants Lappin, Nalley, or Watts have minimum contacts with the District of Colorado for purposes of specific jurisdiction. Nor has Mr. Johnson asserted or demonstrated grounds for maintaining general personal jurisdiction over Defendants Lappin, Nalley, or Watts based on any general business contacts with the forum state. Mr. Johnson's allegations and arguments do not suffice to make a prima facie showing of personal jurisdiction over Defendants Lappin, Nalley, or Watts. Mr. Johnson's Complaint against Defendants Lappin, Nalley, and Watts is properly dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

F.     Qualified Immunity

Defendants raise the defense of qualified immunity. The Supreme Court has recognized a qualified immunity defense for *Bivens* claims against federal officials. *See Johnson v. Fankell*, 520 U.S. 911, 914 (1997). In both § 1983 claims against state officials and *Bivens* claims against federal officials, "officials performing discretionary function[s], generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 914-15 (internal quotation marks and

citation omitted).  The "qualified immunity analysis is identical under" section 1983 and

*Bivens* causes of action.  *Wilson v. Layne*, 526 U.S. 603, 609 (1999).  Whether a

defendant is entitled to qualified immunity is a legal question.  *Wilder v. Turner*, 490

F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229 (2008).

> Resolution of a dispositive motion based on qualified immunity involves a
> two-pronged inquiry. First, a court must decide whether the facts that a
> plaintiff has alleged or shown make out a violation of a constitutional right.
> Second, . . . the court must decide whether the right at issue was clearly
> established at the time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation

marks and citations omitted).  "A reviewing court may exercise [its] sound discretion in

deciding which of the two prongs of the qualified immunity analysis should be addressed

first in light of the circumstances in the particular case at hand."  *Id.* "Qualified immunity

is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id.*

As the court recommends dismissal of Mr. Johnson's Complaint for failure to

state a claim upon which relief can be granted, Defendants in their individual capacities

are entitled to qualified immunity.  *See Wilder*, 490 F.3d at 815 (instructing district court

on remand to enter judgment in favor of Defendant on basis of qualified immunity,

where plaintiff failed to carry his burden to show violation of a constitutional right).

G.      Mr. Johnson's Request for Appointed Counsel

In his Response, Mr. Johnson requests "assistance in the form of an attorney or

legal advisor" and "that this court appoint him legal representation."  (*See* Doc. # 48 at

pp. 4, 5 of 11).

Mr. Johnson was granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915 on September 13, 2010.  (*See* Doc. # 2).  Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer.  *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983).  Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case").  However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel."  *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights."  *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted).  In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims."  *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Hill*, 393 F.3d at 1115 (citation omitted).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned."  *Hill*,

393 F.3d at 1115 (citation omitted).

The court has considered Mr. Johnson's request for appointed counsel and the appropriate factors.  As a *pro se* litigant, Mr. Johnson is afforded a liberal construction of his papers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Mr. Johnson has filed his response to Defendants' Motion to Dismiss and the court herein recommends dismissal of this civil action based on failure to state a claim upon which relief can be granted, qualified immunity, and lack of personal jurisdiction.  The court concludes that the merits of Mr. Johnson's Complaint do not at this time provide an adequate basis for the court to request counsel to volunteer to represent him.

Accordingly, IT IS RECOMMENDED that "Defendants' Motion to Dismiss" (filed February 3, 2011) (Doc. # 45) be GRANTED and this civil action be dismissed based on failure to state a claim upon which relief can be granted, qualified immunity, and lack of personal jurisdiction.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely

21

and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 2nd day of May, 2011.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge

22