IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02235-REB-CBS

CLEVELAND JOHNSON, JR.,
    Plaintiff,
v.

HARLEY G. LAPPIN, Director – Federal Bureau of Prisons (F.B.O.P.),
RENE GARCIA, Warden – Federal Correctional Institution (FCI) – F.B.O.P.,
C. BELL, Safety Manager – FCI – Englewood – F.B.O.P.,
MICHAEL NALL[E]Y, Regional Director – F.B.O.P.,
HARRELL WATTS, Administrator – National Inmates Appea[l]s – F.B.O.P.,
LT. WHITE, Corrections Officer – Lt. – FCI – Englewood – F.B.O.P.,
LT. CLINE, Corrections Officer – Lt. – FCI – Englewood – F.B.O.P.,
LT. KIDWILER, Corrections Officer – Lt. – FCI – Englewood – F.B.O.P.,
OFFICER HENDRICKS, Unicor – Staff Member – FCI – Englewood – F.B.O.P.,
OFFICER LOCKE, Unicor – Staff Member – FCI – Englewood – F.B.O.P.,
OFFICER VIGIL, Unicor – Staff Member – FCI – Englewood – F.B.O.P.,
OFFICER CURRAN, Corrections Officer – FCI – Englewood – F.B.O.P.,
OFFICER ILLARAZA, Corrections Officer – FCI – Englewood – F.B.O.P.,
OFFICER W. LACY, Corrections Officer – FCI – Englewood – F.B.O.P.,
OFFICER RUTSAY, (REC) Officer – FCI – Englewood – F.B.O.P.,
OFFICER WALKER, (REC) Officer – FCI – Englewood – F.B.O.P.,
OFFICER N. WILLIAMS, Supervisor (Paint Shop) – FCI – Englewood – F.B.O.P.,
OFFICER PROFITT, Corrections Officer – FCI – Englewood – F.B.O.P.,
OFFICER McMURTREY, Corrections Officer – FCI – Englewood – F.B.O.P.,
OFFICER JANSSEN, Corrections Officer – FCI – Englewood – F.B.O.P.,
OFFICER J. COOPER, Corrections Officer – FCI – Englewood – F.B.O.P., and
OFFICER KOUGH, Corrections Officer – FCI – Englewood – F.B.O.P.,
    Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiff Mr. Johnson's "Motion Requesting Leave to Amend Complaint to Conform to 10th Circuit Court of Appeals Ruling" (filed May 2, 2011) (Doc. # 58). Pursuant to the Order of Reference dated October 26, 2010 (Doc. # 8) and the memorandum dated May 2, 2011 (Doc. # 59), this matter was referred to the Magistrate Judge. The court has reviewed Mr. Johnson's

Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

Mr. Johnson seeks to amend his Complaint to: (1) dismiss Defendants Lappin, Nall[e]y, and Watts; (2) request "that this Court allow a generous latitude to the form and language as are presented for this Court's review;" (3) seek discovery; and (4) to state that he "has been time and time again exposed to ETS and has been fatigued and had blurry vision and headaches" and "is constantly suffering from various colds and mild headaches as well as constant runny nose and allergies which he had not suffered from until the exposure form the ETS while at FCI-Englewood."  (*See* Doc. # 58).

Motions to amend are committed to the trial court's discretion.  *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).  While Fed. R. Civ. P. 15 requires leave to amend be given freely, *see* Fed. R. Civ. P. 15(a)(2), "[t]he broad permissive language appearing in both the rule and the cases does not mean that there are no standards by which the trial court is to be guided."  *Moore v. U.S./U.S. Dept. of agriculture Forest Service*, 864 F. Supp. 163, 164 (D. Colo. 1994).  A motion to amend may be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ."  *Foman v. Davis,* 371 U.S. 178, 182 (1962).  See also *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) ("In determining whether to allow amendment of a complaint, the court typically considers several factors," such as undue prejudice, undue delay, bad  faith, or failure to state a claim) (citation omitted).

The court may also deny a motion to amend a complaint for failure to submit the

proposed amendment. *See Lambertson v. Utah Dept. of Corrections*, 79 F.3d 1024, 1029 (10th Cir. 1996) (district court did not abuse its discretion in denying plaintiff's motion to amend for failure to provide adequate explanation for delay in seeking amendment and for failure to provide a copy of the proposed amended pleading). *See also Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984) (district court should have held motion to amend in abeyance pending submission of plaintiff's proposed amendment); *Bownes v. City of Gary, Indiana*, 112 F.R.D. 424, 425 (N.D. Ind. 1986) ("common sense" dictates that a party seeking leave to amend should accompany his motion with a copy of the proposed amended complaint); *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981) (where plaintiff sought leave to amend, a copy of the proposed amended pleading must be attached to the motion).

Mr. Johnson has not requested to add any claims, allegations, or Defendants and has not submitted a proposed amended pleading. Before receiving Mr. Johnson's Motion, the court issued the Recommendation of United States Magistrate Judge to dismiss the Complaint. (*See* Doc. # 57). To the extent that Mr. Johnson requests to voluntarily dismiss Defendants Lappin, Nall[e]y, and Watts from this civil action, such request will be permitted pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), as Defendants have filed neither an answer nor a motion for summary judgment. To the extent that Mr. Johnson requests "that this Court allow a generous latitude to the form and language as are presented for this Court's review," because Mr. Johnson appears *pro se*, the court has reviewed "his pleadings and other papers liberally" and held "them to a less stringent standard than those drafted by attorneys." *See Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). (*See also* Doc. # 57 at

p. 4 of 22). To the extent that Mr. Johnson seeks discovery, such request is premature at this stage of the litigation, particularly in light of the pending Recommendation of United States Magistrate Judge. Finally, to the extent that Mr. Johnson seeks to further state his physical symptoms, the court treats his Motion as a supplemental Response to Defendants' Motion to Dismiss. (*See* Docs. # 45, # 48). Accordingly,

IT IS ORDERED that Mr. Johnson's "Motion Requesting Leave to Amend Complaint to Conform to 10th Circuit Court of Appeals Ruling" (filed May 2, 2011) (Doc. # 58) is GRANTED IN PART AND DENIED IN PART.

1. Mr. Johnson's request to dismiss Defendants Lappin, Nall[e]y, and Watts "from this Complaint" is GRANTED and Defendants Lappin, Nall[e]y, and Watts are hereby voluntarily dismissed from this civil action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

2. In all other respects Mr. Johnson's request is denied as a motion and treated as a supplemental response to Defendants' Motion to Dismiss.

Dated at Denver, Colorado this 3rd day of May, 2011.

BY THE COURT:

　　s/Craig B. Shaffer　　　
United States Magistrate Judge