**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-02235-REB-CBS

CLEVELAND JOHNSON, JR.,

    Plaintiff,

v.

RENE GARCIA, Warden, Federal Correctional Institution (FCI), F.B.O.P.,
C. BELL, Safety Manager, FCI-Englewood, F.B.O.P.,
LT. WHITE, Corrections Officer-Lt. FCI-Englewood, F.B.O.P.,
LT. CLINE, Corrections Officer-Lt. FCI-Englewood, F.B.O.P.,
LT. KIDWILER, Corrections Officer-Lt. FCI-Englewood, F.B.O.P.,
OFFICER HENDRICKS, Unicor-Staff Member, FCI-Englewood, F.B.O.P.,
OFFICER LOCKE, Unicor-Staff Member, FCI-Englewood, F.B.O.P.,
OFFICER VIGIL, Unicor-Staff Member, FCI-Englewood, F.B.O.P.,
OFFICER CURRAN, Corrections Officer, FCI-Englewood, F.B.O.P.,
OFFICER ILLARAZA, Corrections Officer, FCI-Englewood, F.B.O.P.,
OFFICER W. LACY, Corrections Officer, FCI-Englewood, F.B.O.P.,
OFFICER RUTSAY, (REC) Officer, FCI-Englewood, F.B.O.P.,
OFFICER WALKER, (REC) Officer, FCI-Englewood, F.B.O.P.,
OFFICER N. WILLIAMS, Supervisor (Paint Shop) FCI-Englewood, F.B.O.P.,
OFFICER PROFITT, Corrections Officer, FCI-Englewood, F.B.O.P.,
OFFICER McMURTREY, Corrections Officer, FCI-Englewood, F.B.O.P.,
OFFICER JANSSEN, Corrections Officer, FCI-Englewood, F.B.O.P.,
OFFICER J. COOPER, Corrections Officer, FCI-Englewood, F.B.O.P., and
OFFICER KOUGH, Corrections Officer, FCI-Englewood, F.B.O.P.,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#57][1] filed Mary 2, 2011; and (2) **Plaintiff's Constitutional**

---

[1] "[#57]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

**Objections to the recommendation of a U.S. Magistrate Regarding his Federal Question Presented to the U.S. District Court** [#61] filed May 20, 2011. I overrule the objections, adopt the recommendation, grant defendants' motion to dismiss, and dismiss this case.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw. Moreover, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). The recommendation is detailed and well-reasoned. Contrastingly, plaintiff's objections are imponderous and without merit.[2]

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the

---

[2] In particular, plaintiff's suggestion that the magistrate judge somehow orchestrated his transfer from FCI-Englewood to a prison in California is based on nothing more than the rankest speculation. Nor is the fact that the transfer allegedly rendered plaintiff unprepared for a status conference with the magistrate judge relevant in any fashion. A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is determined based on the facts alleged in the complaint, which the magistrate judge properly considered in making his recommendation.

Moreover, the magistrate judge agreed to construe the allegations set forth in plaintiff's **Motion Requesting Leave To Amend Complaint To Conform to 10th Circuit Court of Appeals Ruling** [#58] filed May 2, 2011, as a supplemental response to the motion to dismiss. **See Order** [#60] filed May 3, 2011. Nevertheless, these allegations, which relate largely to plaintiff's symptoms as a result of exposure to environmental tobacco smoke, and fail to set forth any additional particular instances of exposure or other particularized facts that would move his claim forward, are insufficient to state a cognizable Eighth Amendment claim.

magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#57] filed May 2, 2011, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in **Plaintiff's Constitutional Objections to the recommendation of a U.S. Magistrate Regarding his Federal Question Presented to the U.S. District Court** [#61] filed May 20, 2011, are **OVERRULED**;

3. That **Defendants' Motion To Dismiss** [#45] filed February 3, 2011, is **GRANTED**;

4. That plaintiff's claims against all remaining defendants are **DISMISSED** for failure to state a claim on which relief may be granted and on the basis of qualified immunity;[3]

5. That judgment **SHALL ENTER** on behalf of defendants, Rene Garcia, Warden Federal Correctional Institution (FCI), F.B.O.P.; C. Bell, Safety Manager, FCI-Englewood, F.B.O.P.; Lt. White, Corrections Officer-Lt. FCI- Englewood, F.B.O.P.; Lt. Cline, Corrections Officer-Lt. FCI- Englewood, F.B.O.P.; Lt. Kidwilner, Corrections Officer-Lt. FCI- Englewood, F.B.O.P.; Officer Hendricks, Unicor-Staff Member, FCI-Englewood, F.B.O.P.; Officer Locke,  Unicor-Staff Member, FCI-Englewood, F.B.O.P.; Officer Vigil,  Unicor-Staff Member, FCI-Englewood, F.B.O.P.; Officer Curran, Corrections Officer,  FCI-Englewood, F.B.O.P.; Officer Illaraza, Corrections Officer,

---

[3] The magistrate judge also recommended that plaintiff's claims against defendants Lappin, Nalley, and Watts be dismissed for lack of personal jurisdiction over them in this forum.  Plaintiff subsequently agreed to dismiss these defendants, and the magistrate judge obliged him in that regard. (*See* **Order** [#60] filed May 3, 2011.)

FCI-Englewood, F.B.O.P. ; Officer W. Lacy, Corrections Officer, FCI-Englewood, F.B.O.P.; Officer Rutsay, (REC) Officer, FCI-Englewood, F.B.O.P.; Officer Walker, (REC) Officer, FCI-Englewood, F.B.O.P.; Officer N. Williams, Supervisor (Paint Shop), FCI-Englewood, F.B.O.P.; Officer Profitt, Corrections Officer, FCI-Englewood, F.B.O.P.; Officer McMurtrey, Corrections Officer, FCI-Englewood, F.B.O.P.; Officer Janssen, Corrections Officer, FCI-Englewood, F.B.O.P.; Officer J. Cooper, Corrections Officer, FCI-Englewood, F.B.O.P.; and Officer Kough, Corrections Officer, FCI-Englewood, F.B.O.P., against plaintiff, Cleveland Johnson, as to all claims for relief and causes of action; provided, that judgment as to these defendants **SHALL BE** without prejudice; and

      6.  That judgment **SHALL ENTER** on behalf of defendants, Harley G. Lappin, Director, Federal Bureau of Prisons (F.B.O.P.), Michael Nalley (misspelled in the original caption as "Michael Nally"), Regional Director, F.B.O.P., and Harrell Watts, Administrator, National Inmates Appeals, F.B.O.P., against plaintiff, Cleveland Johnson, as to all claims for relief and causes of action in accordance with the magistrate judge's **Order** [#60] filed May 3, 2011, for lack of personal jurisdiction over these defendants in this forum; provided, that judgment as to these defendants **SHALL BE** without prejudice

      Dated June 7, 2011, at Denver, Colorado.

                                      **BY THE COURT:**

                                      *[signature: Bob Blackburn]*
                                      Robert E. Blackburn
                                      United States District Judge